

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

October 9, 1951

Hon. Bill Tippen
County Attorney
Taylor County
Abilene, Texas

Opinion No. V-1309

Re: Authority of the County
Auditor and the Commis-
sioners' Court to require
sworn daily mileage re-
ports covering the trav-
eling expenses of the
Sheriff and his deputies.

Dear Sir:

Your request for an opinion is in part as follows:

"Under Article 3899, R.C.S., where a sheriff owns his own car and receives 4¢ per mile for expenses of operation, the provision of Article 3899, R.C.S., wherein such expenses have been incurred, is conceded to be applicable. Taylor County, however, pays its sheriff and his deputies 6¢ per mile under an entirely new and different statute, Article 6877-1, subdivision 3, R.C.S.; therefore, would the old provision incorporated in Article 3899, R.C.S., providing only for monthly sworn reports of car mileage by a sheriff and his deputies still control under the new law, or may the County Auditor and the Commissioners' Court of Taylor County require sworn daily mileage reports incorporating calls made, nature of the calls, mileage on each call or trip, time spent on each call or trip, and the amount of personal mileage driven each 24-hour period covered by said report?"

Article 3899(b), V.C.S., provides in part as follows:

"Where the automobile or automobiles are owned by the Sheriff or his deputies, they shall be allowed four (4) cents for

each mile traveled in the discharge of official business, which sum shall cover all expenses of the maintenance, depreciation, and operation of such automobile. <u>Such mileage shall be reported and paid in the same manner prescribed for other allowable expenses</u> under the provisions of this section. . . .

" . . .

"Each officer, shall, at the close of each month of his tenure of office, make an <u>itemized and sworn</u> report of all approved expenses incurred by him and charged to his county, accompanying such report with invoices covering such purchases and requisitions issued by him in support of such report. If such expenses be incurred in connection with any particular case, such report shall name such case. Such report, invoices, and requisitions shall be subject to the audit of the county auditor . . ." (Emphasis added).

Prior to the enactment of Article 6877-1, V.C.S. (H.B. 501, Acts 50th Leg., 1947, ch. 204, p. 357), subdivision (b) of Article 3899, V.C.S., was the statute which controlled and governed the travel expenses of sheriffs and their deputies while performing their official duties.

In 1 Sutherland, Statutory Construction (3rd ed. 1943) 475, Section 2018, we find the following:

"The intent to repeal all former laws upon the subject is made apparent by the enactment of subsequent comprehensive legislation establishing elaborate inclusions and exclusions of the persons, things and relationships ordinarily associated with the subject. Legislation of this sort which operates to revise the entire subject to which it relates, by its very comprehensiveness gives strong implication of a legislative intent not only to repeal former statutory law upon the subject, but also to

supersede the common law relating to the same subject."

In State v. Houston Oil Co. of Texas, 194 S.W. 422, 432 (Tex. Civ. App. 1917, error ref.), the Court stated:

"The rule is well settled that, when a subsequent statute shows by its context that it was intended to embrace all the law upon the subject dealt with, such statute will, by implication, repeal all former laws relating to the same subject. The correctness of that rule is not controverted, and it is unnecessary to cite authorities in support of it."

Article 6877-1, relating to the allowance for travel expense of sheriffs and deputies, states:

"The County Commissioners Courts of this state are directed to supply and pay for transportation of sheriffs of their respective counties and their deputies to and from points within this State, under one of the four (4) following sections:

"(a) Such sheriffs and their deputies shall be furnished adequate motor transportation including all expense incidental to the upkeep and operation of such motor vehicles.

"(b) Motor vehicles shall be furnished to such sheriffs and their deputies who may furnish gas and oil, wash and grease, incidental to the operation of such vehicles; for which gas and oil, wash and grease, such sheriffs and deputies shall be compensated at a rate not to exceed four cents (4¢) per mile for each mile such vehicle is operated in the performance of the duties of his office.

"(c) Alternatively such County Commissioners Courts may allow sheriffs and their deputies in their respective counties to use and operate cars on official business which cars are personally owned

by them for which such officers shall be
paid not less than six cents (6¢) per
mile nor more than ten cents (10¢) per
mile for each mile traveled in the per-
formance of official duties of their
office.

"(d) All compensation paid under the
provisions of this Act shall be upon
sworn statement of such sheriff."

This office held in Opinion V-472 (1948) that
Article 6877-1 impliedly repealed Article 3912e, Sec-
tion 19, subdivision (1), V.C.S., governing the travel
and mileage expense of sheriffs in counties with popu-
lation over 190,000. By like reasoning, Article 3899,
subdivision (b), is repealed by Article 6877-1 in its
control of the mileage expense of sheriffs and their
deputies. Article 6877-1 provides for a different rate
of payment and is mandatory for all counties regardless
of population. We are of the opinion that the provi-
sions in subdivision (b) of Article 3899 relating to
travel expense of sheriffs and their deputies were re-
pealed in their entirety, including the provision that
"mileage shall be reported and paid in the same manner
prescribed for other allowable expenses under the pro-
visions of this section."

Article 6877-1 requires that compensation
paid thereunder be upon the sworn statement of the
sheriff. However, the statute does not set up any
definite pattern for the auditor or the commissioners'
court to follow in determining the correct amount to
be allowed for mileage.

Article 2351, V.C.S., gives the commissioners'
court the authority to "audit and settle all accounts
against the county and direct their payment." Article
1660, V.C.S., provides:

"All claims, bills and accounts against
the county must be filed in ample time for
the auditor to examine and approve same be-
fore the meeting of the commissioners' court.
No claim, bill, or account shall be allowed
or paid until it has been examined and ap-
proved by the county auditor. The auditor
shall examine the same and stamp his approval
thereon. If he deems it necessary, all such

accounts, bills, or claims must be verified
by affidavit touching the correctness of the
same.  The auditor is hereby authorized to
administer oaths for the purposes of this
law."

Article 1656, V.C.S., in setting out the
powers and duties of the county auditor, provides:

"He shall prescribe and prepare the
forms to be used by all persons in the
collecting of county revenues, funds, fees
and all other moneys, and the mode and
manner of keeping and stating their ac-
counts, and the time, mode and manner of
making their reports to the auditor . . .
He shall have power to adopt and enforce
such regulations not inconsistent with
the constitution and laws, as he may
deem essential to the speedy and proper
collection, checking and accounting of the
revenues and other funds and fees belong-
ing to the county."

Under these statutes, the commissioners'
court and the auditor have the authority to require
sufficient information to enable them to determine
whether a claim should be approved.  This office held
in Att'y Gen. Op. V-526 (1948):

"The Commissioners' Court may require
the sheriff to furnish the Court in his
sworn account such information as is neces-
sary for the Court to determine what mile-
age was traveled in the performance of
those duties set out in various statutory
provisions prescribing the duties of sher-
iffs and their deputies."

In Att'y Gen. Op. 0-4461 (1942), it was held that the
county auditor could prescribe the forms to be used
for determining the allowable mileage actually driven
in carrying out official duties, provided such forms
and regulations were not inconsistent with the Consti-
tution and laws of the State.

In answer to your question, you are advised
that the County Auditor or the Commissioners' Court
of Taylor County may require sworn daily mileage re-
ports incorporating calls made, nature of the calls,

and mileage on each trip. However, we do not see that time spent on each call or trip is material to the question of distance traveled on official business. Nor do we think that the sheriff should be required to give a statement of personal mileage driven, for which no claim for payment of mileage expense is made. The commissioners' court and the auditor have the authority to demand enough information to establish the validity of mileage claims for payment, but no other mileage is affected by this authorization. In Att'y Gen. Op. O-6223 (1944), this office held that the county auditor might require the sheriff to make a daily mileage report on all mileage for official business but that a requirement as to "personal mileage" was unauthorized.

## SUMMARY

The Commissioners' Court of Taylor County and the County Auditor may require sworn daily reports as to the mileage driven in carrying out official duties. Such reports may incorporate calls made, number of calls, and mileage on each call or trip.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Executive Assistant

RHH:wah:awo

Yours very truly,

PRICE DANIEL
Attorney General

By *Robert H. Hughes*
Robert H. Hughes
Assistant